IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERA BURNETT-ROBINS<br>2210 Carol Lane<br>Norristown, PA 19401 | : : : : | |
| Plaintiff, | : : | CIVIL ACTION<br>No.: |
| v. | : : | |
| KENCREST SERVICES<br>d/b/a KENCREST<br>960A Harvest Dr., Suite 100<br>Blue Bell, PA 19422 | : : : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

**I.      INTRODUCTION**

1.      This action has been initiated by Vera Burnett-Robins (*hereinafter* referred to as "Plaintiff") against Kencrest Services (*hereinafter* collectively referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq*.), 42. U.S.C. § 1981, and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts herein that she was terminated from her employment unlawfully and for complaining of racially discriminatory treatment (and due to her race). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait one full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII. Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII and 42 U.S.C. § 1981.

## II.     JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's (anticipated) state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the Title VII, and she has properly exhausted her administrative remedies by timely filing a Charge of Discrimination and Retaliation with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC. Claims asserted in this lawsuit under 42 U.S.C. § 1981 do not require administrative exhaustion.

## III.     PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a nonprofit organization that provides support services for people with intellectual and developmental disabilities throughout Pennsylvania, and this entity is headquartered at the above-captioned address.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

IV. **FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a black (African-American) female.

12. Plaintiff was hired by Defendant on or about December 11, 2023; and in total, Plaintiff was employed by Defendant (until termination) for approximately one (1) year (until December of 2024).

13. Plaintiff was a full-time employee, and her job title was that of Director of Revenue Cycle.

14. During her period of employment, Plaintiff was supervised by Mary Ann Ludwig ("Ludwig"). Ludwig (a Caucasian female) is upon information and belief an approximate five-year employee of Defendant, and she at all relevant times held the position of Vice President, Finance.

15. Plaintiff was one of two directors reporting to Ludwig. The other Director was Sharon McClennon ("McClennon"), a Director of Billing (a Caucasian female).

16. Plaintiff was terminated by Defendant on or about December 19, 2024, and Plaintiff alleges herein that her termination was both discriminatory and retaliatory.

3

17. During the approximate year in which Plaintiff was supervised by Ludwig, Plaintiff experienced the following:

(a) Ludwig was pleasant in demeanor and communication with non-black management (or employees), but short or abrasive with Plaintiff. This was based upon Plaintiff's first-hand continual observations and experiences.

(b) Ludwig was inclusive in discussions and meetings with McClennon or other non-black individuals, but she did not provide the same information or access to meetings with Plaintiff. Plaintiff was often excluded unlike her non-black counterpart(s).

(c) When Plaintiff would enter a room and Ludwig was talking with someone, Ludwig would cease discussions in front of Plaintiff. When non-black employees or management appeared while Plaintiff would have a dialogue with Ludwig (albeit such dialogue was infrequent) - - Ludwig kept talking and included others in the discussion.

(d) There was a different level of scrutiny applied to Plaintiff for anything Plaintiff performed or was questioned about by Ludwig, as contrasted with non-black employees.

18. Ludwig so selectively treated Plaintiff differently in communication, gestures, access to work discussions or information, and workplace scrutiny that Plaintiff formed the unwavering opinion she was held to a different standard on account of her race in the workplace. The above examples in paragraph 17 are just that, examples. Plaintiff was treated disparately based upon race in other ways as well (including as to the rationale for her termination, discussed more *infra*).

19. During the approximately 1-2 months prior to Plaintiff being terminated from Defendant, Plaintiff raised discrimination concerns with Ludwig at least 2-3 times. In such separate discussions, Plaintiff complained she could not help but feel Ludwig "treated" her "differently because of race," even trying to be diplomatic suggesting even if unintentional Plaintiff is concerned about "racial bias" towards her. Plaintiff raised these concerns in at least

2-3 different discussions with Ludwig who outright denied treating Plaintiff any differently or unfairly, despite Plaintiff giving her examples.

20. Within the 1-2 months following Plaintiff's multiple concerns differential treatment due to her race, Plaintiff was then terminated (as aforesaid) on or about December 19, 2024.

21. During the 1-2 months in which Plaintiff was trying to talk with Ludwig about her discrimination concerns, Ludwig had become overtly hostile towards Plaintiff. She was very angry about Plaintiff's complaints of mistreatment.

22. On her day of termination, Plaintiff was called to Ludwig's office and Plaintiff was informed that she was being terminated because Plaintiff had emailed various emails or work to her personal email while working from home (and remotely).

23. This rationale for Plaintiff's termination was outrageous, discriminatory, retaliatory, and pretextual for reasons including but not limited to *inter alia*:

   (1) Plaintiff did not violate any express policy;

   (2) Plaintiff had made it clear she was sending herself certain information that was helpful for her to work remotely because she was having numerous technical problems (with work technology) for an extended period of time;

   (3) Plaintiff had forwarded herself work-materials <u>prior to</u> her complaints of discrimination, but that was not a problem until she complained of discrimination (and Defendant sought any rationale to get rid of Plaintiff via a witch-hunt);

   (4) Plaintiff did not commit any breach of security (wherein any third party could access work information), and Plaintiff would have followed any directive given prospectively if forwarding work to complete remotely were a concern to Defendant (particularly in light of Plaintiff's technical problems).

   (5) McClennon *on the other hand* committed an egregious security violation warranting immediate termination by obtaining admin rights, disseminating a prior manager's password to numerous employees lacking authorization for such access, and emailing others to use a prior manager's password for access

to documents or information of Defendant. McClennon was not disciplined or terminated.

(6) Non-black employees were not terminated for the reason Plaintiff was given for her termination, and other employees were merely admonished verbally (and not disciplined or terminated) for egregious mistakes, omissions, or misconduct. Plaintiff was however immediately terminated.

24. Plaintiff was treated disparately in many ways on account of race, and then she was terminated in very close temporal proximity of complaints of discrimination for completely pretextual reasons (not previously enforced against her or others). Defendant's actions thus constitute unlawful discrimination and retaliation.

## Count I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
**(Discrimination & Retaliation)**

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. Plaintiff was terminated because of her race and/or complaints of discrimination.

27. These actions as aforesaid constitute violations of Title VII.

## Count II
### Violations of 42 U.S.C. § 1981
**(Discrimination & Retaliation)**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff was terminated because of her race and/or complaints of discrimination.

30. These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff seeks the following relief:

A. Defendant is to promulgate and adhere to a policy prohibiting harassment, discrimination, and retaliation in the future against any employee(s);

B.	Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, retirement incentives, insurance, and benefits;

C.	Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

D.	Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E.	Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.	Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G.	Plaintiff is to receive a trial by jury.

        Respectfully submitted,

        **KARPF, KARPF & CERUTTI, P.C.**

By:	_____
        Ari R. Karpf, Esq. (91538)
        8 Interplex Drive, Suite 210
        Feasterville-Trevose, PA 19053
        akarpf@karpf-law.com
        (215) 639-0801

Dated:  January 26, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Vera Burnett-Robins | : | CIVIL ACTION |
| v. | : | |
| Kencrest Services d/b/a Kencrest | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 1/26/2026 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Defendants place of business

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                      Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?      Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BURNETT-ROBINS, VERA

**DEFENDANTS**
KENCREST SERVICES D/B/A KENCREST

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/26/2026

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____